UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ALICIA FRANCIS, Individually and on Behalf
of All Others Similarly Situated,

                                                                             Civil Action No.:

                                    Plaintiff,

     -against-

A-1 EXPRESS DELIVERY SERVICE, INC.,

                                    Defendant.
_____

## CLASS ACTION COMPLAINT

Plaintiff, ALICIA FRANCIS, by her attorneys BLAU LEONARD LAW GROUP, LLC alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action individually and on behalf of all others similarly situated, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201et. seq. ("FLSA") in connection with A-1 EXPRESS DELIVERY SERVICE,INC.'s ("A-1 EXPRESS") violation of its statutory obligations to pay Plaintiff and Class members overtime wages, as a non-exempt employees, for work in excess of 40 hours per week, at a rate of 1.5 times their regular rate of pay, pursuant to 29 U.S.C. §207 (a).

2.     Plaintiff also brings this action individually and on behalf of all others similarly situated, under New York's Wage and Hour Laws. More specifically, Plaintiff asserts that

1

she and Class members are entitled to unpaid overtime wages for their work beyond 40 hours per week, at a rate of 1.5 times their regular rate of pay pursuant to New York Labor Law § 663(1) and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142. ("NYWHL")

3. A-1 EXPRESS has willfully and intentionally committed widespread violations of the above-described federal and state statutes and regulations governing overtime pay to all non-exempt employees for overtime hours worked in excess of 40 hours per week at a rate of 1.5 times their regular rate of pay. Plaintiff is seeking for herself and all Class members, unpaid overtime compensation, an equal amount of liquidated damages, prejudgment interest, attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a Federal Statute. As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and A-1 EXPRESS is subject to personal jurisdiction in this District.

## THE PARTIES

6. A-1 EXPRESS is a foreign corporation created and existing under and by virtue of the laws of the State of Georgia, with principal offices located in Atlanta, Georgia.

7. Plaintiff, ALICIA FRANCIS, is a citizen and resident of Bronx, New York 10456.

## MATERIAL FACTUAL ALLEGATIONS

8. A-1 EXPRESS is a national transportation, distribution and courier service.

9. A-1 EXPRESS operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

10. Plaintiff has been continuously employed by A-1 EXPRESS since approximately May 31, 2014, as a driver's helper.

11. At all relevant times, Plaintiff was economically dependent upon A-1 EXPRESS.

12. At all relevant times, Plaintiff was paid a regular hourly fee of $10.00.

13. As a driver's helper, Plaintiff's is responsible for picking up packages from stores and delivering them to purchasers.

14. At all times material and relevant herein, A-1 EXPRESS was the employer of Plaintiff and possessed the authority and power to hire or terminate Plaintiff.

15. At all times material and relevant herein, A-1 EXPRESS was the employer of Plaintiff and possessed the authority and power to control Plaintiff's work schedules and conditions of employment.

16. At all times material and relevant herein, A-1 EXPRESS was the employer of Plaintiff and possessed the authority and power to determined the rate and method of the payment of wages.

17. At all times material and relevant herein, A-1 EXPRESS was the employer of Plaintiff and possessed the authority and power to determine Plaintiff was non-exempt.

18.     At all times material and relevant herein, A-1 EXPRESS was the employer of Plaintiff and possessed the authority and power to determine the overtime compensation policy for its employees, including the Plaintiff.

19.     At all times material and relevant herein, A-1 EXPRESS was the employer of Plaintiff and possessed the authority and power and kept and/or had unrestricted access to records regarding Plaintiff's employment.

20.     At all relevant times, Plaintiff was an employee of A-1 EXPRESS within the meaning of 29 U.S.C. §§201 *et. seq.*

21.     At all relevant times, Plaintiff was an employee of A-1 EXPRESS within the meaning of NYLL§§650 *et. seq.* and the supporting New York State Department of Labor regulations.

22.     During the applicable statutory period, Plaintiff was required by A-1 EXPRESS and did regularly work well over 40 hours per week.

23.     During the applicable statutory period, Plaintiff was paid some overtime compensation by A-1 EXPRESS, for some hours worked each week, in excess of 40 hours.

24.     During the applicable statutory period, Plaintiff was never paid overtime compensation by A-1 EXPRESS, for all hours worked each week, in excess of 40 hours.

25.     During the applicable statutory period, Plaintiff was required to work off-the-clock time for which she received zero compensation.

26.     At all relevant times, unbeknownst to Plaintiff and Class members, A-1 EXPRESS followed a companywide policy of fraudulently changing, revising and

modifying electronic time keeping data entered daily via telephone, by Plaintiff and class members. The sole purpose of this wrongful and intentional conduct was to reduce the true number of hours Plaintiff and Class members worked each work week and accordingly deprive them of earned wages and overtime compensation to which they were otherwise entitled.

27. At all relevant times, A-1 EXPRESS failed to pay Plaintiff and Class members additional compensation of one hour's pay at the basic minimum hourly wage rate, for each day that the length of the interval between the beginning and end of her/his workday, including working time plus time off for meals, plus intervals off duty, was greater than 10 hours.

28. At all relevant times, Plaintiff worked in the manner described above and A-1 EXPRESS encouraged, instructed, and required her to work in this manner.

29. Upon information and belief, A-1 EXPRESS never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff was employed, in violation of 29 C.F.R. §516.4.

30. At all times material and relevant herein, A-1 EXPRESS failed to keep full and accurate records of Plaintiff's hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

31. A-1 EXPRESS intentionally and knowingly coerced Plaintiff and members of the Class to work off-the-clock hours to circumvent FLSA and NYWHL overtime compensation requirements.

32. Because A-1 EXPRESS willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

33.  A-1 EXPRESS' wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

34.  A-1 EXPRESS' widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

35.  The failure of A-1 EXPRESS to pay Plaintiff and members of the Class off-the-clock hours and overtime compensation, in violation of federal and state law has been willful and was not the result of a good faith contest or dispute.

## CLASS ALLEGATIONS

36.  Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

37.  Plaintiff brings this action on behalf of herself and all others similarly situated. Plaintiff seeks to represent the following Class:

> *All current and former hourly paid driver helpers employed by A-1 EXPRESS in New York during the applicable statutory period, who were denied from receiving regular wages and at least one hour of overtime compensation for the hours that they were made to work , in excess of 40 hours, for each single work week.*

38.  Plaintiff is a member of the Class she seeks to represent.

39.  Plaintiff sues both in her individual capacity and in a representative capacity on behalf of those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or

representative action under 29 U.S.C. § 216(b), sometimes referred to as an opt-in class action.

40. Plaintiff and the putative class are similarly situated in that they are all subject to A-1 EXPRESS' common plan or practice of denying them from receiving regular wages and at least one hour of overtime compensation for the hours that they were made to work off-the-clock for each single work week.

41. Class certification for the New York state law claims ("NYWHL") is appropriate under Rule 23(a) and Rule 23(b) (3) because all the requirements of the Rules are met.

42. All members of the putative class have been subjected to A-1 EXPRESS' willful and intentional violation of its statutory obligation to pay overtime pay at a rate of 1.5 times regular hourly pay, to all non-exempt employees for all work weeks in excess of 40 hours per week.

43. The putative members of the class are so numerous that joinder of all members is impractical, if not impossible, and a collective action/Rule 23 Class Action are the only available methods for the fair and efficient adjudication of this controversy, which on information and belief, involves at least 100 individuals.

44. Plaintiff and the members of the class share a community of interests in that there are numerous common questions of fact and law which predominate over any questions and issues solely affecting individual members. As such, a collective action/Rule 23 Class Action is superior to other methods for the fair and efficient adjudication of the controversy.

45. Questions of fact and law common to the Class which predominate over any questions affecting only individual members, include:

(a) Whether A-1 EXPRESS violated and continues to contravene the FLSA and NYWHL by failing to pay proper overtime compensation to Plaintiff and members of the Class, within the applicable statutory period, for all work weeks in excess of 40 hours.

(b) Whether A-1 EXPRESS followed a companywide policy of fraudulently changing, revising and modifying electronic time keeping data entered daily via telephone, by Plaintiff and class members, to reduce the true number of hours Plaintiff and Class members worked each work week and accordingly deprive them of earned wages and overtime compensation to which they were entitled.

46. Plaintiff and the members of the class share a community of interests in that there are numerous common questions of fact and law which predominate over any questions and issues solely affecting individual members. As such, a collective action/Rule 23 Class Action is superior to other methods for the fair and efficient adjudication of the controversy.

47. This litigation is properly brought as a Collective Action/Rule 23 Class Action because Plaintiff's claims are typical of the claims of the Class. Like all Class members, Plaintiff sustained pecuniary loss as a result of A-1 Express' common course of conduct in violation of the FLSA/NYWHL, as alleged herein.

48. Since the damages suffered by the individual Class members, while not inconsequential, may be relatively small, should separate actions be brought or be required of each individual Class Member, the resulting multiplicity of lawsuits

would cause undue hardship and expense for the Court and the litigants; would create the risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudication and/or may substantially impede their ability to adequately protect their interests.

49. Plaintiff is an adequate representative of the FLSA/Rule 23 Class and is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole.

50. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature. Plaintiff does not anticipate any management difficulties in this litigation.

51. To conduct this action as a collective action under the FLSA and as a conventional class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

52. Plaintiff repeats and realleges the preceding paragraphs of the Complaint, as if fully set forth herein.

53. A-1 EXPRESS violated the FLSA by failing to keep accurate records of all hours worked by Plaintiff.

54. A-1 EXPRESS violated the FLSA by failing to compensate Plaintiff for all hours in a workweek in excess of forty (40).

55.     A-1 EXPRESS violated the FLSA by failing to compensate Plaintiff at a rate of 1.5 times her regular rate of pay, for all hours in a workweek in excess of 40.

56.     For example, during the period 09/01/14 to 09/15/14 Plaintiff was credited with working 100.04 hours or 50 hours per week on average. Plaintiff was only paid for 8.47 hours of overtime, instead of 20.04 hours, as required. The resulting loss of earned overtime compensation was 11.53 hours x $15.00 = $ 169.50.

57.     In addition to the foregoing, Plaintiff alleges upon information and belief, that her time worked for this pay period exceeded 100.04 hours and that her time records were fraudulently manipulated by A-1 EXPRESS, to reflect less time, than actually worked.

58.     A-1 EXPRESS' conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

59.      By reason of these unlawful acts, A-1 EXPRESS is liable to Plaintiff for all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
(Class Claims for Violation of the FLSA)

60.     Plaintiff repeats and realleges the preceding paragraphs of the Complaint, as if fully set forth herein.

61.     A-1 EXPRESS violated the FLSA by failing to compensate Plaintiff and members of the Class for all hours in a workweek in excess of forty (40).

62. A-1 EXPRESS violated the FLSA by failing to compensate Plaintiffs and members of the Class at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.

63. A-1 EXPRESS" conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

64. By reason of these unlawful acts, A-1 EXPRESS is liable to Plaintiffs and members of the Class for all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF
### (Individual Claim for Overtime Violations of the NYWHL)

65. Plaintiff repeats and realleges the preceding paragraphs of the Complaint, as if fully set forth herein.

66. A-1 EXPRESS violated the NYWHL by failing to keep accurate records of all hours worked by Plaintiff.

67. A-1 EXPRESS violated the NYWHL by failing to compensate Plaintiff for all hours in a workweek in excess of forty (40).

68. A-1 EXPRESS violated the NYWHL by failing to compensate Plaintiff at a rate of 1.5 times her regular rate of pay, for all hours in a workweek in excess of 40.

69. For example, during the period 08/16/14 to 08/31/14 Plaintiff was credited with working 92.67 hours or 46.5 hours per week on average. Plaintiff was only paid

for 2.17 hours of overtime, instead of 12.67 hours, as required. The resulting loss of earned overtime compensation was 10.50 hours x $15.00 = $ 157.50.

70.  In addition to the foregoing, Plaintiff alleges upon information and belief, that her time worked for this pay period exceeded 92.67 hours and that her time records were fraudulently manipulated by A-1 EXPRESS, to reflect less time, than actually worked.

71.  A-1 EXPRESS' conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

72.   By reason of these unlawful acts, A-1 EXPRESS is liable to Plaintiff for all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYWHL.

### FOURTH CLAIM FOR RELIEF
(Class Claims for Overtime Violations of NYWHL)

73.  Plaintiff repeats and realleges the preceding paragraphs of the Complaint, as if fully set forth herein.

74.  A-1 EXPRESS violated the NYWHL by failing to compensate Plaintiff and members of the Class for all hours in a workweek in excess of forty (40).

75.  A-1 EXPRESS violated the NYWHL by failing to compensate Plaintiffs and members of the Class at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.

76.  A-1 EXPRESS" conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

77. By reason of these unlawful acts, A-1 EXPRESS is liable to Plaintiffs and members of the Class for all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYWHL.

**FIFTH CLAIM FOR RELIEF**
**(N.Y. LABOR LAW Spread of Hours)**

78. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

79. Plaintiff regularly had workdays that lasted more than ten (10) hours.

80. A-1 EXPRESS willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when her workdays exceed ten (10) hours, as required by New York law.

81. As a result of its willful and unlawful conduct, A-1 EXPRESS is liable to Plaintiff for an award of damages, liquidated damages, pre-post judgment interest, attorneys' fees, costs and other compensation pursuant to the NYWHL.

**SIXTH CLAIM FOR RELIEF**
**(N.Y. LABOR LAW Notice Requirements)**

82. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

83. A-1 EXPRESS did not provide Plaintiff with the notices required by NYWHL Section 195.

84. As a result of its willful and unlawful conduct, A-1 EXPRESS is liable to Plaintiff for an award of damages, liquidated damages, pre-post judgment interest, attorneys' fees, costs and other compensation pursuant to the NYWHL Section 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law.

B. An award of damages, according to proof, including liquidated damages, to be paid by A-1 EXPRESS;

C. Penalties available under applicable laws;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

F. Pre-Judgment and post-judgment interest, as provided by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: June 17, 2015

>BLAU, LEONARD LAW GROUP, LLC
>
>By: /s/ Steven Bennett Blau
>23 Green Street, Suite 303
>Huntington, NY 11743
>(631) 458-1010
>(631) 458-1011 (fax)
>sblau@blauleonardlaw.com
>sleonard@blauleonardlaw.com
>
>*Attorneys for Plaintiff*